# 2001 DTA 114

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ANTONIO J. ROMAN CINTRON
Peticionario

Núm. KLCE-00-01425

San Juan, Puerto Rico, a 7 de febrero de 2001

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Salas Soler, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

La controversia presentada por la causa de título, se ha estado repitiendo en numerosos casos ante el Tribunal

de Primera Instancia y ante este Foro, sin que realmente se haya formulado un hilo conductor que le ofrezca una solución uniforme a la situación. Nuevamente se plantea si un Hogar de Adaptación Social, en esta ocasión Hogares CREA, constituye una Institución adecuada de reclusión de acuerdo a lo exigido por el estatuto del delito de fuga, Artículo 232 del Código Penal de Puerto Rico, 33 L.P.R.A. 4428, de modo que le pueda imputar a un confinado, haber infringido dicho estatuto, si no regresa a la referida institución.

## I

Comparece ante este foro, el peticionario, Antonio J. Román Cintrón, quien a través del presente recurso procura la revocación de una bien articulada Resolución emitida el 27 de octubre de 2000, notificada y archivada en autos el 16 de noviembre de 2000, por el Honorable Wilfredo Rodríguez Figueroa, Juez del Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante el referido dictamen declaró sin lugar una moción presentada por el peticionario por derecho propio al amparo de la Regla 192.1 de Procedimiento Criminal, 31 L.P.R.A. Ap. II, R. 192.1.

Luego de considerar a cabalidad el recurso presentado y el articulado Escrito en Cumplimiento de Orden del Honorable Procurador General, resolvemos no expedir el auto solicitado por los fundamentos que más adelante habremos de exponer.

El peticionario fue condenado por Infracción al Artículo 171 del Código Penal de Puerto Rico (33 L.P.R.A. sec. 4277) a cumplir ocho (8) años de cárcel en la Penitenciaría Estatal de Río Piedras. Ingresó en la referida institución el 7 de febrero de 1996.

De allí, el 12 de junio de 1996, fue trasladado al Campamento Guavate de Cayey de donde fue egresado, el 16 de enero de 1991, para ser enviado a un tratamiento de rehabilitación en Hogares CREA de Juncos. Esto es debido al acuerdo que existe entre Hogares CREA y la Administración de Corrección, con el propósito de ayudar a los confinados en su rehabilitación a la adicción a las drogas. El peticionario debía permanecer bajo la custodia de los Hogares CREA hasta extinguir la sentericia. El acuerdo entre Hogares CREA y la Administración de Corrección, era que el peticionario no podía pasar a convivir en la libre comunidad.

El 19 de abril de 1997, el peticionario abandonó el tratamiento de rehabilitación en Hogares Crea de Juncos. El 9 de septiembre de 1998, es regresado nuevamente a la Penitenciaría Estatal por Infracción al Artículo 232 del Código Penal, *supra*.

El 27 de enero de 1999, el peticionario fue sentenciado por el delito de tentativa de fuga a 2 años de reclusión, consecutivo con cualquier otra sentencia que tuviera pendiente. El 4 de mayo de 2000, el peticionario presentó, por derecho propio, una Moción solicitando que se dejara sin efecto la alegación de culpabilidad y sentencia al amparo de la Regla 192.1, *supra*.

El Tribunal refirió el escrito a la Sociedad para Asistencia Legal para su consideración. El 18 de mayo de 2000, se notificó la designación del caso a la Sociedad Para la Asistencia Legal. El 1 de septiembre de 2000, se celebró una vista para discutir en sus méritos la moción presentada.

El día 16 de noviembre de 2000, se notificó la resolución escrita emitida por el Honorable Juez Wilfredo Rodríguez Figueroa en la que declaró "*No Ha Lugar*" la Moción al Amparo de la Regla 192.1, *supra*.

Inconforme, el peticionario presentó su Petición de *Certiorari* el 11 de diciembre de 2000. Le imputa al Tribunal recurrido, como único error, haber concluido erróneamente que el programa de rehabilitación de Hogares CREA constituye una institución adecuada de reclusión de acuerdo con el estatuto correspondiente al delito de fuga del Código Penal.

## II

El Artículo 232 del Código Penal de Puerto Rico reza:

*"Toda persona sometida legalmente a detención preventiva, sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal o el artículo 404 (b) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, sometida legalmente a reclusión o a medida de seguridad de internación, que se fugare, será sancionada, conforme a las siguientes penas.*

*(a) Si estuviere en detención preventiva, será sancionada con pena de reclusión que no excederá de seis (6) meses.*

*(b) Si estuviera sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo conforme a un procedimiento especial de desvío bajo la Regla 241.1 de Procedimiento Criminal y el delito imputado fuere grave, o el artículo 404 (b) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cuatro (4) años.*

*(c) Si estuviere sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal y el delito imputado fuere menos grave, será sancionado con pena de reclusión que no excederá de seis (6) meses.*

*(d) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito menos grave, será sancionado con pena de reclusión que no excederá de seis meses.*

*(e) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito grave, será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cuatro (4) años.*

*Esta pena será en adición a la sentencia que se le impusiere por el otro delito a la que estuviere cumpliendo, según fuere el caso, disponiéndose que no será con ninguna otra."*

En *Pueblo v. García Figueroa*, __ D.P.R. __ (1996), **96 J.T.S. 31**, opinión de 8 de marzo de 1996, el Tribunal Supremo consignó que el artículo 40 del Código Penal define la pena de reclusión diciendo que consiste en la privación de la libertad en la institución adecuada durante el tiempo señalado en la sentencia. Añadió que la *"institución"* a la que se refiere la citada disposición legal, es una institución carcelaria o penal de la Administración de Corrección de Puerto Rico y no una de las localidades en las que opera y lleva a cabo su trabajo de rehabilitación el Centro Cristiano Jehová Nissi o los Hogares CREA. El Tribunal concluyó que la esencia del delito de fuga lo constituye la evasión o fuga por parte de la persona de la custodia legal a la cual estaba sometida, y en ese caso, el convicto no estaba bajo la custodia legal al momento de abandonar el vehículo en el cual estaba siendo transportado de la cárcel al Centro Cristiano Jehová Nissi, por razón de habérsele concedido una sentencia suspendida.

Posteriormente, en *Pueblo v. González Vega*, 147 D.P.R. __ (1999), **99 J.T.S. 27**, opinión de 16 de marzo de 1999, el Tribunal Supremo indicó que el texto del artículo 232 del Código Penal vigente, no justifica la interpretación de que la fuga de la custodia legal, más bien que la fuga de un sitio de confinamiento, es lo que constituye la esencia del delito. Añadió que presumiendo la corrección del uso del término *"custodia legal"* al hacer referencia al artículo 232, el precepto penal no ocurre con la evasión de custodia legal prevista

específicamente en la descripción literal del tipo establecido en el artículo 232. Concluyó que el legislador no previó, como un hecho penalmente antijurídico, que una persona que se encuentra extinguiendo una condena sujeta a supervisión electrónica abandone una institución pública o privada en la que se encuentre recibiendo tratamiento para su rehabilitación. El legislador sólo previó como conducta punible, la evasión de una institución pública o privada que ofrece tratamiento de rehabilitación, cuando el sujeto activo está sometido a los mecanismos de desvío bajo la Regla 217.1 de Procedimiento Criminal o el inciso (b) del artículo 404 de la Ley de Sustancias Controladas. En ese mismo caso, el Tribunal Supremo estableció que para que una persona pueda ser procesada y resultar convicta por el delito de fuga, la persona imputada del delito debe evadirse mientras se encuentra sometida legalmente, (1) a detención preventiva, (2) a reclusión --cumpliendo sentencia firme o en trámite de apelación--, o (3) a medida de seguridad de internación, o (4) sometido a tratamiento y rehabilitación en un programa del Estado Libre Asociado, conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal, (5) a tratamiento y rehabilitación en un programa privado, supervisado y licenciado por una agencia del Estado Libre Asociado, conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal, (6) a tratamiento y rehabilitación en un programa del Estado Libre Asociado, conforme a un procedimiento especial de desvío bajo el inciso (b) del artículo 404 de la Ley de Sustancias Controladas, o (7) a tratamiento y rehabilitación en un programa privado, supervisado y licenciado por una agencia del Estado Libre Asociado, conforme a un procedimiento especial de desvío bajo el inciso (b) del artículo 401 de la Ley de Sustancias Controladas.

En el caso que nos ocupa, el peticionario no se encontraba en detención preventiva. Había mediado una sentencia de convicción previo a los hechos por los cuales fue procesado por el delito de fuga.

Tampoco estaba sometido a una medida de seguridad de internación, pues *"ese término se refiere a las medidas de seguridad impuestas a los incapacitados mentalmente, a los alcohólicos y toxicómanos y a los delincuentes sexuales peligrosos, compulsivos y habituales"*. Véase, Dora Nevares Muñiz, *Código Penal de Puerto Rico,* comentado (1998)

El peticionario, en el presente caso, fue referido a un centro de rehabilitación para adicción a drogas, luego de recaer una sentencia de convicción en un procedimiento judicial ordinario. Ello de por sí, excluye la aplicación de lo dispuesto en el artículo 232 en torno a los mecanismos especiales de desvío de la Regla 247.1 de las Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.1, y el inciso (b) del artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404 (b).

En vista de lo anterior, la única forma en que procedería la acusación y procesamiento por el delito de fuga en el caso de epígrafe, según tipificado en el Artículo 232 del Código Penal, es si se sostiene que al momento del peticionario ausentarse de Hogares CREA en Juncos, el peticionario se encontraba cumpliendo pena de reclusión. Este Panel tuvo ocasión para tratar un caso similar a este, recientemente, Caso KLCE-99-01051, Hon. Pesante Martínez, Juez Ponente.

El Código Penal define el concepto *"pena de reclusión"* como *"la privación de la libertad en la institución adecuada durante el tiempo señalado en la sentencia"*. Artículo 40 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3202. Al interpretar esta disposición, el Tribunal Supremo de Puerto Rico ha destacado que para que una persona se encuentre bajo pena de reclusión, es preciso que concurran los siguientes tres elementos: (1) privación de la libertad; (2) en una institución adecuada, y (3) en virtud de una sentencia. *Pueblo v. Báez Ramos,* Op. de 11 de octubre de 1999, **99 J.T.S. 159** (1999).

En el caso de autos, resulta claro que, aunque el peticionario se encontraba con su libertad limitada y dichas limitaciones fueron consecuencia de una sentencia judicial mediante la cual se le halló culpable de la violación de diversas disposiciones penales, estimamos que el elemento de *"institución adecuada"* no se satisface bajo los hechos del presente caso.

## III

Habida cuenta de lo precedentemente expuesto, expedimos el auto de *certiorari* solicitado, revocamos la resolución recurrida y, en su consecuencia, declaramos con lugar la Moción al amparo de la Regla 192.1 de las de Procedimiento Criminal.

Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General